Abandoned church wall Our second case this morning is Ruben Sanchez versus the city of Chicago Mr. Hesham May it please the court, Ray Hesham for appellant Ruben Sanchez Mr. Sanchez appeals a jury verdict in a 1983 action. He sued officer Garcia alleging that officer Garcia used Falsely arrested him and used excessive force in doing so. He alleged in particular that during the arrest officer Garcia Punched him and then violently threw him to the ground even though mr. Sanchez had a very visible stomach injury I'll address three main issues, but I'm happy to take any questions on any of our briefing First the district court told the jury that it had to accept as conclusively proven that mr. Sanchez was drunk at the time of the arrest even though mr. Sanchez argued he was not Second it excluded key evidence a report from another officer that supported mr. Sanchez a story that he was not drunk the night of the arrest and Other witnesses recounted Statements that officer Garcia had told them after the arrest Each of these errors requires a new trial, but here they combined in a particularly prejudicial way This was a trial that was all about credibility Officer Garcia's versus mr. Sanchez's and in this case all three of the all of the errors Undermined mr. Sanchez's credibility while reinforcing officer Garcia's First I'll address the jury instruction the district court told the jury that it had to accept as conclusively proven that Because of mr. Sanchez's DUI conviction that it had to accept that mr. Sanchez was drunk at the time of the arrest now according to officer Garcia This instruction was based on heck versus Humphrey, but heck versus Humphrey does not apply here Heck only applies where a plaintiff in a 1983 action is still in custody Within the meaning of the habeas statute. Did you challenge the instruction? The district court did not invoke heck in So the in the that's just a yes or no question. Yes, we did challenge the instruction So you objected to this instruction? Mr. Sanchez objected to the instruction in several different ways first he proposed an alternative instruction which Denied the application of issue preclusion. It only would have admitted that mr. Sanchez had been convicted not any of the underlying facts and according to right and Miller proposing an alternative instruction can be a sufficient Objection second during the trial at a sidebar. Mr. Sanchez started to testify About the unfairness of the district court of the original state trial and mr. Sanchez Mr. Sanchez's counsel objected Mr. Sanchez's counsel sought to admit that testimony on the basis that mr Sanchez was arguing that the previous trial was unfair the district court prevented him from doing so Well, if that's not a challenge to the jury instruction the mr It's a challenge to the application of issue preclusion that was the basis for the jury instruction and then mr Sanchez also filed a new trial motion where it was clear from the district courts Reasoning that it had understood the objection that mr. Sanchez was trying to make both the both what he was objecting to instructing the jury about that he was drunk and also the basis for it, which was the the The post-conviction challenge to the state trial and the allegations of unfairness Going back to heck mr. Sanchez had already served his sentence He had served his term of imprisonment and his term of supervised release. So what applies here is Whitfield where the plaintiff like? Mr. Sanchez pursued his opportunities for collateral review while he was incarcerated and then brought a 1983 action after he was released He lost all the way Through in the state court, right? Why isn't that preclusive under Illinois issue preclusion doctrine? So Officer Garcia's argument is that the district court applied heck when the district court said issue preclusion it meant heck addressing Illinois state law collateral estoppel the Illinois collateral estoppel is an equitable doctrine It only applies where the district court conducts an equitable analysis and decides among several factors It has to consider whether the state proceedings were fair and before the district court. Mr Sanchez repeatedly argued that the just the state proceedings were not fair that he was so are you asking for a remand? So the court can balance the equities the district court has to in applying a Discretionary doctrine like that the district court has to use its discretion and in this case it had to consider the merits of mr Sanchez's argument that he didn't get to get a fair trial in the first case Returning to heck officer It's just routine under Illinois law that criminal convictions are given preclusive effect in Subsequent civil litigation on the same issue to the contrary the Illinois Supreme Court case cited in our brief says that Collateral estoppel should not be applied automatically or mechanically There is a list of factors that the courts quote-unquote must consider And the district court simply didn't do the analysis here. So Let's go through those now Why do you win? So what what one of the the main relevant factor here is whether mr Sanchez received a full and fair opportunity to litigate the question of his intoxication in the DUI trial Mr. Sanchez asserted in the post conviction motion and also in before the district court That he did not receive a fair trial because he didn't receive adequate representation, right? But he lost on that claim in state court Yes, he he lost on the claim in state court But under under issue preclusion the reviewing court the court in which issue preclusion is asserted must conduct an independent analysis Of those equitable factors. Well, not if this state court has already ruled on the identical issue I Don't believe we wouldn't we wouldn't second-guess a state courts rejection of a claim of unfairness in the criminal trial whether it's styled as an ineffective assistance of counsel claim or otherwise or are you suggesting that the the Preclusive effect was due to the post conviction Petitions. Well to the extent that your argument is that the state proceedings were Sort of generically unfair so the the The the trial itself obviously The district court could not rely on the fact that the trial had happened to meet its independent obligation to review the fairness of the trial The post conviction petition which denied mr. Sanchez's post conviction challenge had not been decided or Was pending before the Illinois Supreme Court at the time the district court conducted this analysis Well, right, but that's discretionary review. You had already lost at the Court of Appeals Your client Lost his challenges to his conviction. That's true. So we have sufficient finality for purposes of issue preclusion Yes, we don't dispute the the finality requirement. We dispute the district courts failure to exercise Discretion to consider the merits. Well, let's consider those factors now and Why would we? Disregard the state courts rejection of the claim of ineffective assistance of counsel You don't get to relitigate that issue in the context of a civil trial on an issue preclusion argument. I Believe in this in this particular context where you have a 1983 action where the purpose of a 1983 action among other things is to allow a defendant or a you know formerly incarcerated person to challenge in a federal forum the His his state court proceedings One of the the reasons that's not the purpose of a section 1983 action one of the respectfully your honor in Spencer v. Kemna in a concurrence filed by Justice Souter and and Joined by several of the other justices He points out that the reason that heck should not apply to a litigant who no longer has a federal habeas remedy I'm not talking about the heck argument. I'm talking about issue preclusion why this isn't just a straightforward application of Illinois preclusion law Respectfully your honor the the reasoning the reasoning that this that Justice Souter used in Spencer v. Kemna it bears on applying issue preclusion here In in Kemna Justice Souter said and and this court in Whitfield and Byrd Said much of the same thing which is that 1983 gives litigants a federal forum to try to enforce their Federal constitutional rights and the fact that the state court system in Illinois found that the state trial was fair might bears on issue preclusion But respectfully in this case where you have the countervailing concerns of allowing a federal court to make that decision Issue preclusion should not apply Returning To to heck as Mr. Sanchez pointed out in his briefing The officer Garcia's argument that mr. Sanchez is still in custody Is not correct He argues that collateral consequences of his conviction render him still in custody for heck purposes But to the contrary collateral consequences don't Satisfy the statutory in custody requirement The collateral consequences cases that officer Garcia cites actually address a different issue Which is when a petitioner files While still incarcerated a habeas petition, but then is released whether that case becomes moot and that addresses The case in controversy requirement of article 3 not the statutory in custody requirement I'll Briefly address All unless there's any other questions on this issue I'll move on Regarding the arrest report the district court excluded an arrest report where officer Cox wrote that mr Sanchez did not appear drunk when he was in lockup it excluded the report because mr Sanchez tried to authenticate the report through officer Garcia and the district court concluded that Because officer Garcia had not prepared that particular portion of the report that officer Garcia could not Authenticate it and that is incorrect under FRE 901 any witness with competent knowledge Can authenticate a piece of evidence assuming you're correct on that point? Why isn't it harmless? your honor one of the Issues here that isn't isn't directly an issue, but kind of was a factual Question that bore on all of the party's testimony was was mr Sanchez intoxicated officer Garcia and officer Eddie basically testified that he was fall-down drunk and this Report is the report of a third officer who? Said that he wasn't intoxicated or did not visibly appear to be intoxicated. And so in this case the the report of Officer Cox could have swayed the jury's verdict into disbelief we declined to accept your position on the collateral estoppel issue and believed that the court was quite proper and holding that the question of his inebriation was while driving was definitively decided in the criminal case this It doesn't really matter what this Bernke thought about his inebriation matters decided that isn't it? This is really irrelevant at that point Your honor. It does matter. So There the question of officer of mr. Sanchez's Intoxication matters is relevant in two different ways First officer. Mr. Sanchez argues that he was allowed to contest the fact of his intoxication. But as the district court noted Mr. Sanchez could also argue he might have met the legal requirements for intoxication under Illinois law but he wasn't so intoxicated that he was running red lights and swerving around the road or he wasn't so intoxicated that officer Garcia was Justified and using a high level of force to arrest him. The jury could have believed when you're dealing with a belligerently Intoxicated individual more force could be necessary to effectuate the arrest So you think it's relevant probative on the issue of the degree of force necessary Yes, and and also as the district court noted it could be probative of the issue of whether mr. Sanchez ran a stoplight Or or was sufficiently intoxicated to be weaving in and out of lanes But I thought we're talking about an observation made by the lockup keeper five hours later Actually your honor Officer Eddie testified that sometime after 2 o 5 a.m. And this is in the transcript at 485 through 480 for sorry 484 through 486 Sometime after 2 o 5 a.m. She testified that mr. Sanchez was so drunk that she was worried He was over intoxicated to be in custody and then at 440 a.m. Two and a half hours later Officer Cox stated on his report that he did not appear visibly intoxicated now the amount of time that passed between the arrest and When officer Eddie said that he was over intoxicated to be in custody was about two and a half hours But then two and a half hours after that he was not visibly intoxicated. So we're talking about five hours after the Conduct that's in question in this litigation Yes, we're talking about five hours after the arrest but the the observation taken two and a half hours after officer Eddie's goes to the credibility of officer Eddie's testimony about how intoxicated he was during lockup Or during the interrogation that happened at 2 o 5 a.m. Finally I will address Yes, your time has expired Thank you Mr. Byer Good morning, and may it please the court this morning I'd like to first address the applicability of heck and then address the related issue of the district courts Instruction for the remaining issues will rest on our briefs unless this court has any questions On appeal. Mr. Sanchez claims that heck is inapplicable as a matter of law But he never raised this issue in the district court nor did he provide a factual basis for his present objection far to the contrary Mr. Sanchez's motion for a new trial Invoked Gilbert a decision implementing the Supreme Court's ruling in heck as support for him for mr Gilbert instruction that's at record 271 at 7 This failure to raise any objection to the applicability of heck waives that question for purposes of this appeal And that just brings me right to mr. Sanchez's challenges to the jury instruction in particular Well your argument about heck would bar the claim categorically, right? As has been reformulated by mr. Sanchez on appeal definitely. So it's not just an argument about the propriety of the jury instruction We would submit that that that that's exactly correct that but if this court believed there was some problem with heck There does remain the jury instruction issue Or if they believe if you believe that heck was properly preserved for this court's review Well, how was the heck issue litigated in the district court? Was it litigated in the ordinary way as as a categorical bar to the claim or was it So so heck heck came up very early in this litigation It was in response in the city's response officer Garcia the city. I might refer to the mirror changeably response to mr Sanchez's motion eliminate number five attempting to exclude evidence of the Of the result of his DUI Trial he sought to exclude that in our response We noted a number of problems with relevance and so on but also noted that heck would bar the false arrest claim In his response in his reply. Mr. Sanchez Just said that wouldn't bar his Excessive force claim but said nothing on the general applicability of heck nothing about custody. Nothing about anything else the district court Concurred and said in its ruling and this is where the jerk this was actually I believe the genesis of the jury instruction that the city was correct that that the court said as an art issue preclusion that Mr. Sanchez would be barred from challenging the fact of his intoxication at this trial and then it proceeded to questions about the proper instruction and moved on from there, so it became an evidentiary and An instructional issue Rather than a categorical bar Yes But then and it proceeded through there were there were the district court requested the party submit instructions on the question of preclusion and they Submitted the respective instructions and then at trial the question of heck arose again, and the district court said this as more of a categorical bar to the False arrest claim not to the excessive force claim and the district court said no there is a possibility of Navigating these straights that you can say even if I mr. Sanchez could say even if I and this would be paraphrasing greatly Even if mr. Even if mr. Sanchez had to accept that he were intoxicated he could still say I didn't Exhibit any visible signs as I was driving. I didn't run the run the stop sign didn't swerve wildly so on and so forth It was a question of probable cause that the fact that he was intoxicated didn't mean the officers necessarily Knew had a reasonable basis to believe he was intoxicated. So it's a both claims did go to the jury. Yes I'll be it with this instruction about the conclusive effect of the conviction And then as I understood your heck argument you seem to imply that a more categorical Result here that because the entire claim rests on this idea that Mr. Sanchez is claiming he wasn't intoxicated that the whole thing false But that's maybe I misunderstood your argument to clarify our point was that as this case was litigated in the district court There was a court. It seems I actually believe the district court was correct to say that there wasn't a categorical bar But on appeal mr. Sanchez took session He abandoned the basis that the district court invoked for not applying a categorical bar the district court said you can make these claims without child or this particular claim the False arrest claim without challenging the fact of your intoxication. Okay, so maybe you know So let's talk about this not in the construct of heck, but in the construct of issue preclusion. Oh, that's that's fine On the on the question of issue preclusion again, there's nothing in the record never once did mr Sanchez indicate that there was any objection to issue preclusion in fact in his motion for a new trial He referred to his own instruction as an issue preclusion instruction and his complaint there. Mr Sanchez now claims that the district court clearly recognized his objection, but that's not that's just reading the district courts ruling on the motion for a new Trial, it's apparent that that's not true. The district court addressed the concerns about Finality and believe that mr. Set seems to believe mr. Sanchez was raising a yes interpret. Mr. Sanchez's objections as Kind of a side challenge to finality based on the post-conviction petition and correctly observed the Illinois law While there's a question of a direct appeal affecting finality There's nothing to indicate that finality is affected by a post-conviction petition. The district court said nothing They would indicate that it believed that mr Sanchez was saying that his the finding of the fact of his intoxication was Unfair and the district had no reason to believe that mr. Sanchez clarified during the pretrial one of the pretrial conferences that his post and conviction petition concerned the Aggravating factors that came up during his aggravated DUI in it under Illinois law typical DUI is a misdemeanor But certain aggravating factors can bump it up to a felony and in this case mr Sanchez's DUI was bumped up to aggravated level by the fact that he was under a suspended license at the time and Mr. Sanchez's counsel Represented at the pretrial hearing that that was at the basis of this post eviction petition and you can even see this in the district court's rulings that It noted that the post eviction petition only had to do with those aggravating factors. So how it could possibly have interpreted Mr. Sanchez to challenge the fairness of the determination of the fact of his intoxication There's just nothing in this record that would have given the district court or the or the city Fair notice that they needed to litigate that issue And even looking to the Illinois appellate court's ruling by the time this post eviction petition reached the appellate court. Mr Sanchez had abandoned everything except for one single set on the merits he'd abandoned everything except for one single argument about the denial of the right to testify, but his His entire statement on that point was quote. I was right I should have testified she was wrong and the Illinois appellate court said that was Not enough to take it beyond even the really lenient first level of post eviction review So why the district court would have thought that? Just a patently baseless Challenge to the to any aspect of the conviction would affect the fact of intoxication is beyond frankly beyond me Just on the question of preclusion Under Illinois law, I would just in response to Judge Sykes question regarding the routine nature It is in fact routine to apply issue preclusion On the basis of a criminal prosecution That's this Illinois Supreme Court's decision in American Family Insurance versus Savickas Where the court says it actually makes more sense to apply issue preclusion when you're coming off of a criminal conviction Because of the incredible stakes that it's high stakes The facts aren't just proven by preponderance that it's you know, as we all know it's beyond a reasonable doubt So in that particular case and also the court gave a little substance to what it means to say that it's unfair And the court said well if it was a sideshow if the issue somehow wasn't central to the litigation or if there was no real Reason to bring it up that that would be unfair if it was just a secondary or tertiary issue but clearly the issue of Intoxication is not a sideshow. It's not a side story to a DUI conviction That's the central fact in every DUI case and Mr. Sanchez can't possibly claim that he had no incentive to litigate the fact of his intoxication in a DUI conviction That just defies all beliefs. Let's pause for just a moment counsel, and I'd like you to address this authentication problem and whether if we accept your preclusion argument, there is any Relevance or any probity to the statement of the turnkey If there's probative value, it's it's so minimal as to be clearly harmless. I mean the standard for showing Prejudice in a civil case is already pretty high that there has to be a substantial injurious effect on the jury's consideration and this is literally a Word it's was there a visual on a visual inspection of Mr. Sanchez was there a visible sign of intoxication and there was a no and that's out of context Nothing showing the turnkey had a duty to it visibly inspect him for intoxication at that point There was this this issue was so Passed by by Mr. Sanchez below. There's nothing on any of that This came up in his rebuttal case for the first time and the lockup keeper For that we noted in our objection below that the lockup keeper wasn't called and there's no and that That it emphasizes all the problems with this that the lockup keeper couldn't explain what he was saying or what he meant It could even you know, could it be a mistake? Who knows? I hope it was not just as a matter of proper procedure, but we don't know He could have said for all we know he smelled like a brewery, but he didn't look visibly intoxicated That's all I was writing about so shorn from context The jury could really only speculate exactly what the import of that notation was and that's far too little If this court has a no further questions on the other issues will rest on our response brief and our sir reply And respectfully ask that you affirm the judgment of district court in all respects. Thank you Mr. Hashim your time had expired, but I'll give you another minute if you have something briefly in rebuttal Your Honor I'll address two points very briefly in rebuttal first Officer Garcia said that the district court clearly did not Understand that mr. Sanchez was was challenging the fairness of the DUI trial if you look at SA 29 through 30 the district court Raises the the question it specifically addresses that mr. Sanchez said that the state trial was not fair and that and then says that those facts are irrelevant But they were relevant to an issue preclusion analysis and as to the arrest report as mr. Sanchez pointed out the arrest report could be relevant to either the fact that he was not intoxicated or he wasn't Intoxicated as officer Garcia said he was All right. Thank you. Thanks to both counsel. The case is taken under advisement